IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NEW ATRIUM, LLC, | ) | No. 17-04567 |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | Chapter 7 |

### NOTICE OF MOTION

TO:
Joseph A Baldi, Trustee
Baldi & Berg, Ltd.
20 N. Clark Street, Suite 200
Chicago, IL 60602

See attached service list

    PLEASE TAKE NOTICE that on June 27, 2017, at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Janet S. Baer in Courtroom 615, or such judge who may be sitting in her stead, in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **Trustee's Motion to Sell Real Property Free and Clear of Liens Under Section 363(f) – 1212 N. LaSalle Street, Chicago, Il, Lot 6 and Units 206, 208, 225 and 468 and For Other Relief** at which time and place you may appear, if you so see fit.  A copy of said Motion is attached hereto and herewith served upon you.

                              Andrew J. Maxwell (ARDC#1799150)
                              **Maxwell Law Group, LLC**
                              20 North Clark St., Suite 200
                              Chicago, IL 60602
                              312/368-1138

### CERTIFICATE OF SERVICE

    The undersigned attorney certifies that s/he caused a copy of the foregoing Notice and Motion to be served upon the Trustee, the United States Trustee, and Debtor's attorney (and any others having registered) pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants on June 6, 2017, and upon all other known parties in interest specified on the attached service list by depositing same in the United States Mail, postage prepaid, on or before June 7, 2017.

                              By: */s/ Andrew J. Maxwell*

**SERVICE LIST**
**New Atrium, LLC, debtor**
**Case No. 17-04567**

**Via Electronic Notice**

Denise DeLaurent
USTPRegion11.es.ecf@usdoj.gov

Ha M. Nguyen
ha.nguyen@usdoj.gov

Erica Crohn Minchella
Erica.minchella@gmail.com

Jillian S. Cole
jcole@taftlaw.com

Scott D Heffron
Scott.heffron@usdoj.gov

Joseph A. Stewart
Joseph.stewart@usdoj.gov

Alanna G Morgan
amorgan@morganandbleylimited.com

Keevan D. Morgan
kmorgan@morganandbleylimited.com

Mitchell Elliot Jones
mej@joneslaw.org


**Via First Class U.S. Mail**

Chicago Title Trust Company
10 S. LaSalle St, #2750
Chicago, IL 60603

The LaSalle Private Residences Condominium
Association
C/o Scott Martinelli
1212 N. LaSalle #2404
Chicago, IL 60610-8045

Merit Fire & Security Solutions, Inc.
P.O. Box 116
Northbrook, IL  60065-0116

Hanna Architects, Inc
180 W. Washington Street, Suite 600
Chicago, IL 60602

Hussain White
14519 S. Albany
Posen, IL 60469

James Banks
Samuel V.P. Banks & Associates
221 N. LaSalle St., Suite 3800
Chicago, IL 60601

Pamela Ross
9730 S. Western Ave., Unit 203
Evergreen Park, IL 60805

Anthony Roh, as assignee of Hanna Architects, Inc.,
Samuel V.P. Banks & Associates and LaSalle Private
Residences
9730 S. Western Avenue, Suite 203
Evergreen Park, IL 60805rt

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NEW ATRIUM, LLC, | ) | No. 17-04567 |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | Chapter 7 |

**TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS UNDER SECTION 363(F) – 1212 N LASALLE STREET, CHICAGO, IL, LOT 6 AND UNITS 206, 208, 225 AND 468 AND FOR OTHER RELIEF**

Joseph A. Baldi, Trustee, by his attorneys, pursuant to 11 U.S.C. § 363(f) and §503(b), respectfully requests this Court to enter an order authorizing him to 1) sell the real property commonly known as 1212 N. LaSalle Street, Chicago, Il, Lot 6 and units 206, 208, 225 and 468 ("Property") and 2) pay customary costs of sale at closing from the proceeds of sale. In support of the Trustee's Motion to Sell Real Property Free and Clear of Liens under Section 363(f) – 1212 N. LaSalle Street, Chicago, IL, Lot 6 and Units 206, 208, 225, and 468 and For Other Relief("Motion" or "Application"),Trustee respectfully states as follows:

1.      This case was commenced by filing a Chapter 11 involuntary petition against a non-individual debtor for relief under Chapter 11 of the Bankruptcy Code on February 16, 2017. An order for relief under chapter 11 of the Bankruptcy Code was entered on March 28, 2017. On the motion of the United States Trustee, an order was entered in the case on April 19, 2017 directing the appointment of a chapter 11 trustee and on April 25, 2017 this court entered its order approving the appointment of Joseph A. Baldi as chapter 11 trustee in this case. Upon motion of the Trustee the case was converted to a Chapter 7 case on May 25, 2017.

2.      Joseph A. Baldi ("Trustee") was appointed to serve as the chapter 7 trustee, has qualified and has been acting as such.

3. Debtor has an interest in real estate commonly known as 1212 N. LaSalle Street, Lot 6 and Units 206, 208, 225, and 468, Chicago, IL (collectively, the "Property"). The Property is not occupied.

4. The first meeting of creditors in the chapter 11 case was held on May 19, 2017, at which time the representative of the Debtor, Gerald Berlin, appeared and testified as to the assets and liabilities of the Debtor.

5. The primary asset of this estate is the Property, which is a condominium unit located in the atrium of the building located at 1212 N. LaSalle Street, Chicago, IL, along with 4 parking spaces in the same building. The Property is a vacant and unfinished unit on the second floor of the building at 1212 N. LaSalle Street consisting of approximately 6,677 square feet of space. Title to the Property is held in a land trust pursuant to a trust agreement dated November 25, 2014 and known as Trust number 8002366621 under which Chicago Title Trust Company serves as Trustee ("Land Trust"). Debtor is the owner of the beneficial interest in the Land Trust.

6. The Property is encumbered by a mortgage lien and an assignment of the beneficial interest in the Land Trust in favor of Evergreen Bank. Evergreen Bank has filed their proof of claim in this case which is Claim no. 1 on the claims docket maintained by the Clerk of the Bankruptcy Court. Evergreen Bank asserts a claim for $857,289.49 which is secured by a mortgage on the Property and an assignment of the beneficial interest in the Land Trust each executed by Debtor. Debtor was in default on the obligations due to Evergreen Bank prior to the filing of this case and Evergreen Bank had commenced a foreclosure case against the Property in July 2016 ("Foreclosure Case").

7. In addition to the lien claim of Evergreen Bank, Trustee is informed and believes that the United States of America ("Government") asserts a lien claim arising from a judgment

obtained by the Government against Michael Chezan.  Michael Chezan is the husband of the majority owner of the Debtor, Claudia Chezan.  Based on a review of the pleadings filed in this case, the pleadings in the Foreclosure Case and the records of the recorder of deeds, Trustee believes that Michael Chezan did not own or hold an equitable, legal or beneficial interest in the Property.  As a result Trustee believes that the lien claim of the Government did not attach to the Property and the Government's lien claim is therefore in *bona fide* dispute.  The Debtor filed an adversary complaint seeking a declaration that the lien claim of the Government was invalid which remains pending before this court as adversary case 17-00188 ("Lien Case").

8. Trustee has received an offer from Anthony Ruh (the"Purchaser")[1] to purchase the Property for the amount of $1,100,000.00 and, subject to the approval of this Court, Trustee has accepted that offer.  Trustee has entered into "Chicago Association of Realtors Condominium Real Estate Purchase and Sale Contract" dated May 12, 2017 ("Contract").  A true and correct copy of the Contract is attached as an exhibit to the copy of this Motion filed with the Court; a copy of the Contract may be requested in writing from the Trustee or by accessing the copy filed with the Court on the Court's website (Pacer account may be required).

9. The Contract states, *inter alia*, the purchase price will be the amount of $1,100,000.00; there is no financing or inspection contingency; all heating, electrical and plumbing systems (personal property) located on site are included; general real estate taxes are to be prorated on the last full year tax bill for 2016 or if not available by calculation specified in Paragraph 5 of Rider 1A to the Contract; closing to be 14 days after the Court order approving the sale of the Property; and the Property is sold in "as is/where is" condition.  In the absence of a

---

[1] Purchaser is the owner of 40% of Debtor which is the beneficial owner of the land trust holding title to the Condo. *See,* Trustee's **Motion to Convert Case from Chapter 11 to Chapter 7 and to Shorten Notice filed on or about May 18, 2017.**

higher comparable offer for the Property submitted at or before the hearing on this Application, Trustee believes the Offer should be approved by this Court and requests this Court to authorize and approve Trustee entering into the Contract and completing the sale of the Property to Purchaser.

10. The Trustee believes that a prompt sale of the Property is the most viable alternative to maximize value for the benefit of the bankruptcy estate and creditors. Trustee has consulted with a real estate broker and believes that the purchase price is at or more than the Property would sell for if listed with a broker and marketed for sale. The fact that the Court approval process permits "bidding" akin to an auction sale also provides sufficient protection to assure that the Trustee obtains fair value for the assets being sold. Because there is little or no subjectivity in evaluating bids – the highest bidder obtained after public hearing will be the approved purchaser of the Property, the successful purchaser should be deemed to have acquired the Property in "good faith" within the meaning of Section 363(m) of the Bankruptcy Code and the Court should make such a finding in the order requested by Trustee to be entered.

11. A prompt sale will also minimize the cost to the estate of continuing to own the Property, with the potential of continuing accrual or payment of real estate taxes, homeowners' association assessments, insurance, utilities, and other costs. **ANY PARTY MAY SUBMIT A HIGHER COMPARABLE OFFER FOR THE PROPERTY AT OR BEFORE CONCLUSION OF THE HEARING ON THIS APPLICATION and TRUSTEE WILL CONSIDER OFFERS received prior to entry of an order by this Court authorizing sale of the Property. Pursuant to the terms of the Contract, at paragraph 6 of Rider No. 1A to the Contract, Trustee requests that to be considered, any competing bidder must submit a bid**

**that is 10% greater than the price agreed to by Purchaser in the Contract.**

12. Pursuant to §363(f) of the Bankruptcy Code, the sale shall be free and clear of any and all liens, claims and encumbrances, with any such liens, claims, and encumbrances to attach to the proceeds of sale and not to the Property, subject to a determination of this Court as to the validity, extent, and priority of any such liens, claims and encumbrances in the event of a dispute. Trustee proposes to pay the lien claim of Evergreen Bank at closing and believes that Evergreen Bank consents to the sale of the Property. The putative lien claim of the Government is disputed and Trustee may sell the property free and clear of the Government's putative lien claim pursuant to the provisions of §363(f) (2) of the Code.

13. The net proceeds of the sale of the Property will be sufficient to pay the only known mortgage on the Property held by Evergreen Bank, and any known valid liens and secured claims against the Property. Trustee also seeks authorization (1) to pay at the time of and from the proceeds of the closing, the usual and customary costs of closing, including but not necessarily limited to charges for title charges, transfer stamps, closing fees, and prorations for real estate taxes and other customary items, (2) to pay at the time of and from the proceeds of the closing the agreed amount due on the first mortgage, to pay or reserve the agreed amount on any other valid lien of record, and to pay the agreed amount due to the homeowners' association, but in the event of disagreement to petition this Court to determine the proper amount to be paid to the mortgage and/or lien holder and the homeowners' association; and (3) to undertake such acts and execute such documents as may be necessary and appropriate to close the sale, including but not necessarily limited to executing and delivering a deed conveying title to the Property to the Purchaser, or directing the trustee of the Land Trust to convey title or the beneficial interest of the land trust to Purchaser.

14. Sales should be approved if doing so is in the best interest of the Debtor's estate. In re Sparks, 171 B.R. 860 (N.D.Ill. 1994) and In re Zeigler, 320 B.R. 362 (N.D.Ill 2005). The Trustee submits that in his business judgment the proposed sale is fair and equitable and in the best interests of the Debtor's estate. See, In re Zeigler, 320 B.R. 362 (N.D.Ill 2005); In re Condere Corp., 228 B.R. 615 (Bankr.S.D.Miss.1998); WBQ P'ship. v. Va. Dep't of Med. Assistance Servs. (In re WBQ P'ship), 189 B.R. 97 (Bankr.E.D.Va.1995); and In re Phoenix Steel Corp., 82 B.R. 334 (Bankr.D.Del.1987). Trustee believes that the proceeds of sale will be sufficient to pay the Evergreen Bank claim and the claim of the condo association for past due assessments and that there will be sufficient funds remaining to pay the scheduled claims of unsecured creditors in full. Trustee also believes there may be sufficient proceeds to make a distribution to the holders of the membership interests in the Debtor. If the Property sale is not completed, the Trustee believes that the likelihood of finding another buyer for the Property in its present condition in a reasonable period of time for the purchase price to be paid by the Purchaser is speculative at best.

15. Pursuant to Fed.R.Bankr.P. 2002, Trustee has sent approximately twenty-one (21) days notice of this Motion to the Debtor, Debtor's attorney, the United States Trustee, the Purchaser, the mortgage holder, the homeowners' association, and to all creditors scheduled by Debtor (or counsel, if counsel has appeared). To the extent possible, notice was sent to registered persons pursuant to Section II(B)(4) of the Administrative Procedures for the Case Management/Electronic Case Filing System through the Court's Electronic Notice for Registrants, and served upon the other parties listed on the attached Service List by depositing same in the United States Mail, first class postage prepaid.

**WHEREFORE,** Andrew J. Maxwell, Trustee, prays this court to enter an order:

a) Authorizing Trustee to sell the Property to Anthony Ruh for the purchase price of $1,100,000.00, "as is, where is" on the terms set forth in the Contract and free and clear of all liens, claims and interests pursuant to section 363(f) of the Bankruptcy Code with any such liens, claims or interest to attach to the proceeds of sale in the same order of priority and with the same validity, force and effect as they have now against the Property;

b) Authorizing Trustee to execute any and all documents, including all documents which may be required by the trustee of the Land Trust, which are necessary or advisable to close the sale of the Property and transfer title to Purchaser;

c) Authorizing Trustee to pay Evergreen Bank the amount necessary to satisfy in full the agreed amount of the secured claim of Evergreen Bank;

d) Authorizing Trustee to pay at the time of and from the proceeds of the closing, on the conditions set forth in the Motion, the usual and customary costs of sale including but not limited to charges for title charges, transfer stamps, and prorations for real estate taxes; and

e) Granting Trustee the relief sought and such other and further relief the Court deems just and fair.

Respectfully Submitted,
Joseph A. Baldi, Trustee

By: /s/ Andrew J Maxwell
One of his attorneys

Andrew J. Maxwell (ARDC #1799150)
Maxwell Law Group, LLC
20 North Clark Street, Suite 200
Chicago, Illinois 60602
312/368-1138